UNITED STATES v. TRINIDAD ASPHALT CO.

(Circuit Court, S. D. New York. December 15, 1896.)

No. 2,490.

CUSTOMS DUTIES—FREE LIST—DRIED ASPHALTUM.

Asphaltum, from an asphalt lake, holding water mechanically and so tenaciously that intense heat, with stirring, is necessary for drying it, and which has accordingly been exposed in a vessel to heat from steam pipes, and from steam jets which stirred it, thereby expelling the water, and, incidentally and necessarily, some volatile oils also, is entitled to free entry as "asphaltum * * * dried but not otherwise manipulated or treated," under paragraph 390 of the act of 1894.

This was an application in behalf of the United States to review a decision of the board of general appraisers holding that certain

asphaltum imported by the Trinidad Asphalt Company was entitled to be entered free of duty.

Henry C. Platt, Asst. U. S. Atty.

Avery D. Andrews, for defendant.

WHEELER, District Judge. The tariff law of 1894 puts on the free list: "390. Asphaltum and bitumen, crude or dried, but not otherwise manipulated or treated." According to the findings and evidence, the substance in question came, crude, from an asphalt lake, holding water mechanically like a sponge, and so tenaciously that intense heat, with stirring, is required for drying it within any practicable time. This was exposed in a vessel to such heat from steam pipes, and from steam jets which stirred it. Thereby the water was expelled, and, incidentally and necessarily, some volatile oils also. This expulsion of the water left the material purer and finer. This provision of the law is understood to leave all asphaltum free that is not manipulated or treated otherwise than is necessary and proper for drying it. According to Webster's Dictionary to dry is "to free from water, or from moisture of any kind, and by any means"; and according to the Century Dictionary, "to prepare and expose to the sun or any heat in order to free from moisture." This process seems to come entirely within these definitions. In allowing the drying, the law allowed also the consequences of the drying; and if one of them was refining, that, too, was allowed. The drying must have been permitted with the intention of letting the material be changed, as that would change it; and no change effected by that should be held to take away its free character. Decision of appraisers affirmed.